833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John BUCKHOLZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1044.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1987.
 
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John Buckholz appeals the order of the district court affirming the Secretary's final decision denying his application for disability insurance benefits and supplemental security income benefits. Upon consideration of the parties' briefs and the record of the administrative proceedings, we find that the Secretary's decision to deny benefits is supported by substantial evidence, and accordingly, affirm the order of the district court.
 
 
 2
 * Buckholz alleges disability due to lingering physical and psychological impairments caused by an electrical burn injury in November 1977. Buckholz worked for the Northern Peninsula Tree Service as a sawyer. His job involved using power tools to remove brush and trees obstructing telephone and electrical power lines. While on the job, a live wire struck Buckholz in the face, left shoulder and back. Buckholz suffered severe burns from the accident and underwent a skin graft as partial treatment for his injuries. The graft left Buckholz with facial scars.
 
 
 3
 Buckholz's first application for disability insurance benefits and supplemental security income benefits was denied in 1979. He filed his current application on May 13, 1982. After a hearing, the Administrative Law Judge issued his decision denying benefits on December 22, 1983.
 
 
 4
 The ALJ determined that Buckholz did have a severe impairment resulting from the 1977 electrical burn injury but that it did not meet or equal the listing of impairments in Appendix 1 to Subpart P of Part 404 of the Secretary's regulations. The ALJ found that Buckholz retained the residual functional capacity to perform some light or some sedentary work that did not require excellent vision, prolonged standing or work involving machinery or power tools due to Buckholz's post-accident fear of being electrocuted.
 
 
 5
 Because Buckholz's impairments prevent him from performing the full range of either light or sedentary work, the ALJ relied on the Secretary's medical-vocational guidelines, otherwise known as the "grid," See 20 C.F.R. Pt. 404, Subpt. P, App. 2, only as a framework in his determination that Buckholz is not disabled.
 
 
 6
 The ALJ based his decision primarily on the testimony of a vocational expert that a significant number of jobs exist which Buckholz can perform. The vocational expert testified that 10,000 to 12,000 light or sedentary unskilled sales, service and clerical jobs requiring vision in only one eye, and involving neither prolonged walking nor working with machinery or power tools existed in the upper portion of Michigan.
 
 II
 
 7
 The Secretary's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). " 'Substantial evidence' means more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983).
 
 
 8
 Buckholz argues that the ALJ improperly discredited his testimony and improperly ignored a psychiatrist's diagnosis that he suffers from chronic post-traumatic stress disorder.
 
 
 9
 Because the ALJ has the opportunity to observe the demeanor of a witness, his credibility determinations should be accorded deference. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). After reviewing Buckholz's testimony, we find no error in the ALJ's decision to afford it only partial credibility.
 
 
 10
 The ALJ also did not err in deciding to discount the psychiatrist's diagnosis. The ALJ did consider the May 1983 consultative psychiatric evaluation of Dr. Teck Lian, M.D., who opined that Buckholz suffers from chronic post-traumatic stress disorder. However, the ALJ determined that the objective medical evidence included in Dr. Lian's report, rather than supporting Dr. Lian's diagnosis, supported a finding that Buckholz's impairment did not prevent him from performing basic work activities. Dr. Lian found that Buckholz's affect was appropriate, that he had no delusional thinking, and that Buckholz denied having any visual or auditory hallucinations. In addition, Dr. Lian noted that Buckholz's memory for remote, recent and immediate events was intact, that he had a satisfactory fund of general information, that he was able to engage in abstract reasoning, and that Buckholz was able to do simple addition, subtraction, multiplication and division.
 
 
 11
 Dr. Lian's conclusion that Buckholz is disabled was not binding on the ALJ. 20 C.F.R. Sec. 404.1527; accord Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). The ALJ correctly rejected Dr. Lian's finding of disability in light of the fact that Dr. Lian's own report, as well as the other medical evidence, questioned that finding's reliability. Harris v. Heckler, 756 F.2d at 437 (Wellford, J., dissenting).
 
 
 12
 Given that Buckholz's characteristics did not identically match the descriptions of the light and sedentary grids, the ALJ properly relied on the grids merely as a framework for determining whether Buckholz is disabled. Kirk, 667 F.2d at 528. His determination that Buckholz retains the residual functional capacity to perform some kinds of light or sedentary work is supported by substantial evidence, as is his ultimate conclusion that there are a significant number of jobs in the national economy which Buckholz can perform. Accordingly, the order of the district court affirming the Secretary's denial of benefits is AFFIRMED.